IN RE: J.L. (11) J.L. (13) J.L.,(15)
No. COA07-701
Court of Appeals of North Carolina.
Filed December 18, 2007
This case not for publication
Tyrone C. Wade, for petitioner-appellee Mecklenburg County Youth and Family Services.
Nita K. Stanley, guardian ad litem for the minor children.
Richard Croutharmel, for respondent-appellant mother.
STROUD, Judge.
Respondent mother ("mother") appeals from the 16 April 2007 order terminating her parental rights, and the underlying order of 16 April 2007, adjudicating the minor children, J.L.11, J.L.13 and J.L.15,[1] as dependent. Because we conclude that the trial court's conclusions of law in the dependency order were supported by its findings of fact, and its findings of fact were supported by clear, cogent and convincing evidence, we affirm. On Friday, 3 November 2006, mother was arrested and incarcerated. Arrangements were made for the children to stay with neighbors over the weekend immediately following mother's arrest. On Sunday, 5 November 2006, a sister of the children's father ("the aunt"), who lived in Boone, Watauga County, North Carolina, visited the children at the home of the neighbors. That evening, the aunt left a phone message for Juanita Harper ("Ms. Harper"), social worker for Mecklenburg County Youth and Family Services (YFS), indicating that the aunt was available to care for the children and asked that the children not be placed in foster care.
On Monday, 6 November 2006, Ms. Harper spoke with the aunt who again informed Ms. Harper that she would like to be considered as a placement option for the children. Ms. Harper told the aunt that it would not be necessary for her to come for the children. At some point, YFS also spoke to mother who informed YFS that her boyfriend was available to care for the children. Mother also suggested her brother in Iowa as an option. Later that afternoon, YFS filed a juvenile petition alleging that the juveniles were neglected and dependent as to both mother and respondent father ("father").
With respect to dependency, YFS made the following specific allegations in the petition:
e. . . . The father stated that he would be willing to provide care for the children but was not prepared at this time to take the children due to his current living arrangements, as he rents a room in a house in Georgetown, South Carolina.
f. YFS contacted [the aunt], who resides in Boone, NC. [The aunt] stated that she is not in a position to provide care for the juveniles at this time.
. . . .
j. There are no known relatives available to provide care for the juveniles.
On the same date that the juvenile petition was filed, the trial court ordered the children be placed in non-secure custody. Non-secure custody was continued after a hearing on 13 November 2006. J.L.11 and J.L.15 were placed together in foster care and J.L.13 was placed separately in a group home.
On or about 23 January 2007, the trial court adjudicated the children neglected and dependent as to father. However, at the request of mother, the trial court continued the adjudication as to her. On 5 April 2007, the trial court conducted an adjudication hearing as to mother and, on 16 April 2007, entered an order adjudicating the children dependent as to her. On disposition, the trial court ordered that the children remain in the custody of YFS. Mother now appeals the trial court's adjudication and disposition orders.
Before turning to the merits of mother's appeal, we must first address the appellee-guardian ad litem's ("GAL") motion to dismiss filed during the pendency of this appeal. In its motion, the GAL asserts that this appeal was rendered moot by a review order entered on 15 June 2007 which returned the custody of the children to mother and closed the case. Our Supreme Court recently held that a parent's appeal from an adjudication of neglect is not rendered moot when the minor child is returned to a parent's custody during the pendency of the appeal.In re A.K., 360 N.C. 449, 459, 628 S.E.2d 753, 759 (2006). The Supreme Court reasoned that because an adjudication of neglect can result in collateral legal consequences, including the possible use of the adjudication in a later termination of parental rights proceeding, it is not rendered moot when the child is returned to the parent during the pendency of the appeal. Id. at 456, 628 S.E.2d at 758.
A trial court may terminate parental rights on the grounds of dependency where it finds:
That the parent is incapable of providing for the proper care and supervision of the juvenile, such that the juvenile is a dependent juvenile within the meaning of G.S. 7B-101, and that there is a reasonable probability that such incapability will continue for the foreseeable future.

N.C. Gen. Stat. § 7B-1111(a)(6) (2005) (emphasis added). In determining whether a past condition is reasonably likely to recur or continue, a trial court must necessarily look to past occurrences and patterns. For example, in the case of In re A.H., this Court affirmed a trial court's termination of parental rights for dependency after finding that "based on the three-year history of relapses . . . there was a reasonable probability that the incapacity resulting from respondent's very serious substance abuse disorder would continue in the future." In re A.H., ___ N.C. App. ___, ___, 644 S.E.2d 635, 639 (2007). Thus, because a prior adjudication of dependency could constitute evidence in a future termination proceeding, an adjudication of dependency carries collateral legal consequences even after a minor child is returned to a parent. In accordance with the Supreme Court's reasoning in In re A.K, we hold that, like an appeal from an adjudication of neglect, an appeal from an adjudication of dependency is not rendered moot when the minor child is returned to the parent's custody during the pendency of the appeal.
We turn now to the merits of mother's appeal. On review of an adjudication of dependency, "this Court considers whether the trial court's findings of fact are based on clear, cogent, and convincing evidence and whether those findings support the trial court's conclusion that grounds for termination exist pursuant to N.C. Gen. Stat. § 7B-1111." In re C.W., ___ N.C. ___, ___, 641 S.E.2d 725, 729 (2007).
Mother contends that the evidence and findings of fact were insufficient to support the trial court's conclusion that the minor children were dependent at the time the juvenile petition was filed. "If [YFS] presents clear and convincing evidence of the allegations in the petition, the trial court will adjudicate the child as an abused, neglected, or dependent juvenile." 360 N.C. at 454-55, 628 S.E.2d at 757 (citing N.C. Gen. Stat. § 7B-807). On the other hand, "[i]f the allegations in the petition are not proven, the trial court will dismiss the petition with prejudice and, if the juvenile is in [YFS] custody, returns the juvenile to the parents." Id. at 455, 628 S.E.2d at 757.
For the purposes of the juvenile code, a "dependent juvenile" is defined as follows:
A juvenile in need of assistance or placement because the juvenile has no parent, guardian, or custodian responsible for the juvenile's care or supervision or whose parent, guardian, or custodian is unable to provide for the care or supervision and lacks an appropriate alternative child care arrangement.
N.C. Gen. Stat. § 7B-101(9) (2005). This Court has held that in determining whether a juvenile is dependent, "the trial court must address both (1) the parent's ability to provide care or supervision, and (2) the availability to the parent of alternative child care arrangements." In re P.M., 169 N.C. App. 423, 427, 610 S.E.2d 403, 406 (2005). "Findings of fact addressing both prongs must be made before a juvenile may be adjudicated as dependent, and the court's failure to make these findings will result in reversal of the court." In re B.M., ___ N.C. App. ___, ___, 643 S.E.2d 644, 648 (2007).
Mother concedes that neither she nor father were in a position to provide care for the children at the time of her arrest. Rather, mother contends the evidence is insufficient to support a conclusion that there were no available alternative child care arrangements thereby justifying YFS's removal of the children. We disagree.
The trial court based its adjudication of dependency as to mother, in part, on its finding that: "M[other] hadn't made arrangements with [the aunt] re: medical care, schooling, etc. [The aunt] resides in another county and that would have meant abrupt school changes and medical care change for [the] kids and one has therapeutic needs."
At the 5 April 2007 hearing, the trial court questioned the aunt directly about whether or not she could provide adequate care for the children. Based on its questioning, the trial court concluded that the aunt was not able to provide alternative care arrangements. There was no other evidence in the record, other than respondent's bare assertions, as to alternative care arrangements. We conclude, based on the record, that clear, cogent, and convincing evidence in the record supported the trial court's finding that no appropriate alternative child care arrangement existed, which in turn supported the trial court's conclusion that the juveniles should be adjudicated dependent.
As to termination, respondent argues only that, based on the grounds noted above, the termination hearing should not have taken place. Because we concluded that the trial court did not err when it adjudicated the juveniles dependent, and because mother did not contend that the trial court otherwise erred during the termination hearing, the order of the trial court terminating respondent mother's parental rights is affirmed.
Affirmed.
Judges WYNN and ELMORE concur.
Report per Rule 30(e).
NOTES
[1] As each of the minor children share the same initials, they will be referenced individually in this opinion by their initials combined with their age at the time that the petition was filed.